John Dee Spicer
Chapter 7 Trustee
State Bar No. 18930500
Suite 560, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7300
Email: jspicer@chfirm.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | |
|---|---|
| In re:<br><br>EDMOND JOSEPH CHURCHMAN AND<br>KIMBERLY LANE CHURCHMAN,<br><br>Debtors. | §<br>§<br>§<br>§ Case No. 16-42785-mxm7<br>§<br>§<br>§<br>§ |

# TRUSTEE'S APPLICATION TO EMPLOY SPECIAL COUNSEL

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON FEDERAL BUILDING, 501 W. TENTH STREET, FORT WORTH, TX 76102 BEFORE CLOSE OF BUSINESS ON <u>OCTOBER 7, 2025,</u> WHICH IS TWENTY- ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

TO THE HONORABLE MARK X. MULLIN, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW John Dee Spicer, Chapter 7 Trustee (the "**Trustee**") in the above styled and numbered case (the "**Bankruptcy Case**") of Edmond Joseph Churchman (the "**Debtor**" or "**Edmond**") and Kimberly Lane Churchman (the "**Joint Debtor**" or "**Kimberly**") (collectively, the "**Debtors**"), and makes this Application (the "**Application**") to employ Slater Slater Schulman, LLP (herein "**Special Counsel**") and would respectfully show the bankruptcy court (the "**Court**") as follows:

1. The Bankruptcy Case was filed as a Chapter 7 case on July 22, 2016 (the "**Petition Date**") by the Debtors.

2. The Trustee was appointed as the Chapter 7 Trustee for the bankruptcy estate (the "**Estate**" or "**Bankruptcy Estate**") of the Debtors on or about the Petition Date.

3. The Debtors filed their bankruptcy schedules (the "**Schedules**") on July 22, 2016.

4. The 11 U.S.C. Section 341 Meeting of Creditors was commenced and concluded on September 19, 2016.

5. The Trustee filed his Chapter 7 trustee's initial report of meeting of creditors held with Report of No Distribution on January 4, 2017.

6. The Bankruptcy Case was closed and Movant was discharged as trustee on February 3, 2017 (the "**Closing Date**").

7. Prior to the Petition Date, Kimberly was a potential claimant under a personal injury lawsuit (the "**Lawsuit**") relating to the ingestion of a pharmaceutical drug occurring on or about November 2, 2015 (the "**Claim Inception Date**"). The Lawsuit, or the Claim Inception Date leading to the Lawsuit, occurred prior to the Petition Date, was not scheduled by the Debtors on their Schedules and, therefore, was not abandoned by the Trustee under Section 554(c) of the Code.

Therefore, the Lawsuit remains property of the Estate under Section 554(d) of the Code.

8. Since the Closing Date, Movant has been made aware of the Lawsuit and the Claim Inception Date and was informed by the settlement fund administrators that the Lawsuit has a potential settlement pending with gross settlement proceeds of approximately $283,000.00 (the "**Lawsuit Proceeds**").

9. This Application is to employ Slater Slater Schulman, LLP and Greg Jones Law LLC as special counsel to represent the Trustee relating to the Lawsuit and the recovery of the Lawsuit Proceeds.

10. The Court has jurisdiction over the Bankruptcy Case and this Application pursuant to 28 U.S.C. Sections 157 and 1334. This Application is a core proceeding under 28 U.S.C. Section 157(b)(2). Venue of the Bankruptcy Case is proper under 28 U.S.C. Sections 1408 and 1409. The relief requested is under 11 U.S.C. Sections 327(e) and 328(a).

11. The Lawsuit is a non-exempt asset in the Bankruptcy Case and constitutes property of the Estate. The Lawsuit relates to personal injuries and damages to which Kimberly, and therefore the Estate, may be entitled. The Trustee requires assistance from Special Counsel to enable the Trustee to pursue and monetize the Lawsuit and / or recover the Lawsuit Proceeds.

12. The Joint Debtor employed Special Counsel to represent Kimberly relating to the Lawsuit. The Debtor's Contingent Fee Agreement to hire Special Counsel (*See* **Exhibit "A"** – the "**Attorney Retainer Agreement**") signed by the Debtor is adopted as revised by the Trustee as set out on Exhibit "A" (subject to approval by the Court). The Attorney Retainer Agreement proposes to pay Special Counsel a contingent fee (the "**Contingent Fee**"). The Contingent Fee is forty percent (40%) of any gross recovery. Special Counsel agrees the gross settlement funds and / or the Lawsuit Proceeds will be turned over to the Bankruptcy Estate and that the Trustee will

compensate Special Counsel under the terms of the Attorney Retainer Agreement but subject to further order from the Court.

13. The Trustee has attached the Affidavit of attorney Jonathan Schulman as **Exhibit "B"** hereto in support of the Application. To the best of the Trustee's knowledge, information and belief, Special Counsel does not hold or represent any interest adverse to that of the Debtor or the Bankruptcy Estate with respect to the Lawsuit, is qualified to render such services under 11 U.S.C. Sections 327(e) and 328(a), and that said attorneys are disinterested persons within the meaning of 11 U.S.C. § 101(14).

14. The Trustee has requested the employment of Special Counsel because the attorneys have an area of concentration in claims such as this, and the Trustee believes that Special Counsel is well qualified to render the foregoing services.

15. Based upon the foregoing, Trustee submits that the employment of Special Counsel is in the best interest of the Bankruptcy Estate and creditors herein.

WHEREFORE, Applicant prays that he be authorized to employ Special Counsel to the Trustee to render services in the areas described above and for general relief.

Respectfully submitted,

*/s/ John Dee Spicer*
John Dee Spicer
Chapter 7 Trustee
State Bar No. 18930500
Suite 560, Founders Square
900 Jackson Street
Dallas, TX 75202
Phone: (214) 573-7300
Email: jspicer@chfirm.com

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing Application was served on September 16, 2025, by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U.S. Bankruptcy Court for the Northern District of Texas on all parties-in-interest submitting to service of papers in this case by said means and via first class mail, postage prepaid on the following parties:

United States Trustee
1100 Commerce Street, Room 976
Dallas, TX 75242-0996

Edmond Joseph Churchman
PO Box 162
Granbury, TX 76048

Kimberly Lane Churchman
PO Box 162
Granbury, TX 76048

Edward Mark Piland
Law Office of Mark Piland
PO Box 1349
Granbury, TX 76048

                              */s/ John Dee Spicer*
                              John Dee Spicer
                              Chapter 7 Trustee