## EXHIBIT A

I, John Dee Spicer, as Chapter 7 Bankruptcy Trustee (the "Trustee") for Edmond Joseph Churchman (the "Debtor" or "Edmond") and Kimberly Lane Churchman (the "Joint Debtor" or "Kimberly"), Case No. 16-42785-mxm7, adopt the attached employment agreement (the "Agreement") dated May 14, 2020 between and among Kimberly, Slater Slater Schulman, LLP, and Greg Jones Law LLC (the "Attorney"), with the following exceptions:

- The introductory paragraph of the Agreement (Page 1) shall be amended to the following:

    I, John Dee Spicer, as chapter 7 bankruptcy trustee (the "Trustee" or "Client") for Edmond Joseph Churchman (the "Debtor" or "Edmond") and Kimberly Lane Churchman (the "Joint Debtor" or "Kimberly"), Case No. 16-42785-mxm7, on behalf of the bankruptcy estate, agree to retain and employ Slater Slater Schulman, LLP and Greg Jones Law LLC to represent the Trustee in recovering damages for claims arising out of personal injuries sustained by Kimberly relating to the Lawsuit, as that term is defined in the Trustee's Application to Employ Special Counsel.

- Any contingent fee and expenses for Attorney as described in the Agreement is subject to approval by the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division (the "Court").

- Any settlement agreement must be approved by the Trustee and is subject to approval by the Court.

- Any gross recovery relating to the Agreement shall be turned over to the Trustee with disbursements from the gross recovery subject to approval by the Court.

- The Court shall maintain jurisdiction over this matter relating to the employment and compensation of Special Counsel and the matter shall not be subject to arbitration.

Dated: September 15, 2025.

/s/ John Dee Spicer, Trustee
John Dee Spicer, Chapter 7 Trustee

THIS CONTRACT IS SUBJECT TO ARBITRATION UNDER
THE FEDERAL ARBITRATION ACT

# RETAINER AGREEMENT

TO: Slater Slater Schulman LLP      Greg Jones Law LLC
101 West Elm Street, Suite 215     8E Calle Inga
Conshohocken, PA 19428     San Juan PR 00913

I, Kimberly Lane Churchman , ("Client") retains Slater Slater Schulman LLP and Greg Jones Law LLC, (collectively "Law Firms"), as my attorneys, to prosecute a claim(s) for damages against any and all parties, individuals and/or corporations liable for injuries and damages suffered by me arising from Elmiron use. I specifically agree as follows:

    1. **FEE PERCENTAGE:** Although Client has been advised of the right to retain the Law Firms under an arrangement whereby the Law Firms would be compensated on the basis of the reasonable value of services rendered or on an hourly rate, the Client and the Law Firms agree that the Law Firms shall be paid forty percent (40%) of the sum recovered, whether by suit, settlement or otherwise ("Contingency Fee"). **In the event there is no recovery, there shall be no attorneys' fees payable to the Law Firms.**

    2. **DISBURSEMENTS:** Disbursements may include, but are not limited to, the following expenses: court filing fees, sheriff fees, medical and hospital report/record fees, doctor's report, court stenographer fees, deposition costs, expert fees for expert depositions and court appearances, trial exhibits, computer on-line search fees, express mail, postage, photocopy charges, document management charges, long distance telephone charges among other charges. Document management charges are the fees charged by the Law Firms for processing documents during litigation, such as medical records, documents produced by defendant(s) and/or other parties, etc. Processing of the documents may include, but is not limited to, the following: (1) scanning; (2) conversion of native files to PDF documents; (3) OCR (optical code recognition); and/or (4) indexing. At the time of the final settlement or distribution of judgment proceeds, these expenses shall be deducted from the Client's share after the computation of the Contingency Fee.

Since the Law Firms may be retained by others having the same claim or similar claim(s), disbursements may be shared proportionately by all such clients. It is contemplated that this may be accomplished by participating with other firms nationally in a pooling of research and information for which a case by case membership fee will be necessary. As such, this will be deemed "Disbursements", which will be deducted from the Client's share after the computation of the Contingency Fee.

    3. **COMPUTATION OF FEES:** The Contingency Fee shall be computed on the gross recovery, resulting in a net settlement (or judgment), from which all appropriate Disbursements in connection with the institution and prosecution of this claim is deducted, as set forth in paragraph 2 above. An example of how a Contingency Fee is computed is as follows:

Exhibit A

|  |  |
|---|---|
| Gross settlement | $1000.00 |
| 40% Attorney's Fee | $ 400.00 |
| Net Settlement | $ 600.00 |
| Disbursements | -  50.00 |
| Net to Client | $ 550.00 |

**4. MEDICAL BILLS:** Medical bills incurred that are not paid by Client's medical insurance and are due and owing may be chargeable to the Client's portion of the settlement. There may be additional deductions representing outstanding medical bills, liens to doctors for unpaid medical services rendered, or medical services not covered by medical insurance. The recovery of these medical services are included in the gross settlement and shall be paid from the net settlement. Unpaid medical providers often will wait for payment until the conclusion of the case. However, in consideration for such abeyance, they will request a lien upon the settlement proceeds. The Client expressly authorizes the Law Firms to sign such lien forms, which may be requested by physicians or other health care providers at the conclusion of the case. This authorization shall include medical and hospital expenses, and subrogation claims. The Client understands that medical providers do not provide medical services contingent upon the outcome of a case, and that in the event that there is no recovery, or an insufficient recovery, the Client will remain responsible for the payment of such medical bills.

**5. WITHDRAWAL:** The Law Firms expressly reserve the right to withdraw their representation at any time upon reasonable notification to the Client. In the event that the Client advises the Law Firms to discontinue the handling of this claim, or if the Client fails to cooperate with the Law Firms in the handling of this claim, Client agrees to compensate the Law Firms a reasonable amount for its services, and for the time spent on this claim on an hourly basis or under such other arrangement that may be agreed upon by the parties. The Client understands that the Law Firms have conditionally accepted this case based upon independent confirmation of all facts and injuries claimed to have been sustained by Client. In the event that the Client desires to transfer the file from this office, the Client shall be responsible to compensate the Law Firms for the reasonable value of their services. Such transfer shall not include documents or attorney work product regarding the general liability of the defendants and/or potential defendants.

If additional legal services are necessary in connection with Client's claim(s), and Client requests Law Firms to perform such services, such additional services will only be performed pursuant to a separate written agreement between Client and Law Firms setting out such additional services and the additional fees payable in connection therewith. In the absence of such an agreement, and subject to Law Firm's lien as set below, Client will have the right to engage other counsel to perform such additional services. Client understands that Law Firms are under no obligation to provide such additional services.

**6. CLAIMS EXCLUDED FROM THIS ENGAGEMENT:** Client specifically authorize(s), directs(s) and instruct(s) Law Firms not to bring any claims for medical malpractice claims against any physicians, pharmacists, doctors, hospitals and/or any other health care providers. Client also specifically authorizes, directs and instructs Law Firms not to bring any claims for worker's compensation benefits claims. Client acknowledges that certain statutes of limitations may apply to claims which are not being brought and after the

statute of limitations expires, those claims are forever barred. Law Firms are not taking any position on the merits or availability of the claims which are not being brought and are not discouraging Client from pursuing these claims. Client should seek other legal counsel immediately regarding this issue if Client intends to pursue these types of claims.

This Agreement does not cover any legal advice or other counseling with respect to the investment or other application of any monetary recovery, whether by way of settlement or judgment following a trial.

**7. NO GAURANTEE AS TO RESULT:** Client acknowledges that Law Firms have made no guarantees as to the outcome or the amounts recoverable in connection with Client's claim(s).

**8. STATUTE OF LIMITATIONS:** Although Law Firms have agreed to represent Client in connection with Client's claim(s), Client understands that there are strict statutes of limitations on claims against potential Defendants, and that if Client's claims are not filed against Defendants before the statute of limitations expires, Client will be forever prevented from bringing a claim against Defendants. Client understands that Defendants may attempt to dismiss Client's claims based upon those statutes of limitations. **Client understands that the statute of limitation in Client's case may have expired before Client ever contacted Law Firms, or that the statute of limitations may expire in the very near future.** Client agrees and understands that Law Firms will not be able to determine whether or not to file a lawsuit on Client's behalf unless and until Client has provided (1) definitive proof of injuries related to the drug or device at issue and (2) copies of Client's medical and pharmaceutical records. Client also understands that it will take Law Firms a minimum of ninety (90) days after receipt of such information to evaluate Client's case, and that should the statute of limitations or any other applicable deadlines including but not limited to class registration deadlines, expire prior to or during the aforesaid ninety (90) day period, Client agrees not to hold Law Firms, or its associate counsel, responsible for any consequence related to the expiration of that deadline. **Client understands and agrees that Law Firms are under no obligation to file a Complaint should Law Firms conclude after reasonable investigation that there is no legal basis for commencing an action.**

**9. LAW FIRM'S RIGHT TO WITHDRAW:** It is agreed that Law Firms are prosecuting Client's claim(s) subject to its investigation of the facts and that if Law Firms determine in their sole judgment that Client's claim(s) are being presented for any improper purpose; are not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; do not have or are not likely to have evidentiary support; or it is not feasible to prosecute Client's claim(s), Law Firms are permitted to cease all work on the Client's claim(s) and are authorized to discontinue the prosecution of such claim(s), upon written notice to Client at Client's last known address by regular mail.

**10. APPEALS:** The above Contingency Fee does not contemplate any appeal. The Law Firms are under no duty to perfect or prosecute an appeal until a satisfactory fee arrangement is made in writing regarding costs and attorneys' fees.

**11. FINANCING OF CASE:** If the Law Firms borrow money from a lending institution to finance the cost of the Client's case, the amounts advanced by the Law Firms to pay the cost

Exhibit A

of prosecuting or defending a claim or action or otherwise protecting or promoting the Client's interest will bear interest at the highest lawful rate allowed by applicable law. In no event will the interest be greater than the amount paid by the Law Firms to the lending institution.

12. **RESULTS NOT GUARANTEED:** No attorney can accurately predict the outcome of any legal matter. Accordingly, no representations are made, either expressly or impliedly, as to the final outcome of this matter. The Client further understands that any changes in residence, telephone number or health condition, must be reported to the Law Firms. The Client understands that this Retainer Agreement is a binding legal contract. The Client expressly agrees that s/he will fully and freely cooperate with the Law Firms in all aspects required for the prosecution of this legal matter and that the Client will take no actions that frustrate or impair the success of this action. _____ **(initials)**

13. **APPROVAL NECESSARY FOR SETTLEMENT:** The Law Firms are hereby granted power of attorney so that it may have full authority to prepare, sign and file all legal instruments, pleadings, drafts, authorizations, and papers as shall be reasonably necessary to conclude this representation, including settlement and/or reducing to possession any and all monies or other things of value due to the Client under the claim as fully as the Client could do so in person. The Law Firms are also authorized and empowered to act as Client's negotiator in any and all negotiations concerning the subject of this Agreement.

14. **ASSOCIATION OF OTHER ATTORNEYS:** The Law Firms may, at their own expense, use or associate other attorneys in the representation of the aforesaid claim(s) of the Client. Various attorneys, including partners, associates, or per diem attorneys, may provide legal services on Client's case.

15. **ASSOCIATE COUNSEL:** The Law Firms may participate in the division of fees and assume joint responsibility for the representation of the Client either in the event that the Law Firms retain associate counsel or that the Client later chooses new counsel, provided that the total fee to the Client does not increase as a result of the division of fees and that the attorneys involved have agreed to the division of fees and assumption of joint responsibility.

16. **ARBITRATION:** Any and all disputes, controversies, claims or demands arising out of or relating to (1) this Agreement or (2) any provision hereof or (3) the providing of services by the Law Firms to the Client or (4) the relationship between the Law Firms and Client, whether in contract, tort or otherwise, at law or in equity, for damages or any other relief, shall be resolved by binding arbitration pursuant to the Federal Arbitration Act in accordance with the Commercial Arbitration Rules then in effect with the American Arbitration Association. The Client shall not file a class action against the Law Firms or seek to assert any claims or demands against the Law Firms by or through a class action, either as the named plaintiff or as a member of the class, but rather shall submit his/her claims or demands to binding arbitration pursuant to the provisions of this Paragraph. Any such arbitration proceeding shall be conducted in the Southern District of New York. This arbitration provision shall be enforceable in either federal or state court in the Southern District of New York, pursuant to the substantive federal laws established by the Federal Arbitration Act.

**I have read the above paragraph 16, understand its content and agree to the terms and conditions stated therein.** _____ **(initials)**

17. **PARTIES BOUND:** This Agreement shall be binding upon and inure to the benefit of the parties, hereto, and their respective heirs, executors, administrators, legal representative, successors, guardians and assigns.

18. **LEGAL CONSTRUCTION:** In the event that any one or more of the provisions contained in this Agreement shall for any reason be held invalid, illegal or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions thereof and this Agreement shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

19. **PENNSYLVANIA LAW TO APPLY:** This Agreement shall be considered and construed under and in accordance with the laws of the Commonwealth of Pennsylvania and the rights, duties and obligations of Client and of the Law Firms regarding representation of the Client and regarding anything covered by this Agreement shall be governed by the laws of the Commonwealth of Pennsylvania.

20. **PRIOR AGREEMENTS SUPERSEDED:** This Agreement constitutes the sole and exclusive Agreement of the parties hereto and supersedes any prior understandings or written or oral agreement between the parties respecting the within subject matter.

I certify and acknowledge that I have had the opportunity to read this Agreement and have received answers to any questions pertaining thereto. I further state that I have voluntarily entered into this Agreement fully aware of the terms and conditions.

**Date:** 5/14/2020

**Client Name:** Kimberly Lane Churchman

**Client Signature:** _[DocuSigned by: Kimberly Churchman / D7D464A69BA1410]_

**Address:** _____

**Phone Number:** _____ (cell) _____ (home)

**Email Address:** _____

**Attorney Name:** Michael Wesner  **Attorney Signature:** _[signature]_

Exhibit A