John Dee Spicer
State Bar No. 18930500
Cavazos Hendricks Poirot, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Phone: (214) 573-7330
Email: jspicer@chfirm.com

Attorneys for John Dee Spicer, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re:<br><br>EDMOND JOSEPH CHURCHMAN AND<br>KIMBERLY LANE CHURCHMAN,<br><br>Debtors. | § § § § § § § § § | Case No. 16-42785-mxm7 |

# TRUSTEE'S MOTION TO APPROVE SETTLEMENT

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON FEDERAL BUILDING, 501 W. TENTH STREET, FORT WORTH, TX 76102 BEFORE CLOSE OF BUSINESS ON FEBRUARY 9, 2026, WHICH IS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

John Dee Spicer, Chapter 7 Trustee in this case (the "Trustee") files this **Trustee's Motion for Approval of Settlement** (the "Motion"), and in support of same, would show the court as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion under Rule 9019 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1334. This Motion presents a core proceeding under 28 U.S.C. § 157(b).

**Background**

2. Kimberly Lane Churchman ("Kimberly" or the "Debtor") and Edmond Joseph Churchman ("Edmond" or the "Joint Debtor") (collectively, the "Debtors") filed their voluntary Chapter 7 Bankruptcy petition on July 22, 2016 (the "Petition Date") [**Docket No. 1**].

3. The Trustee filed a Report of No Distribution on January 4, 2017 and was discharged when the bankruptcy case closed on February 3, 2017 (the "Closing Date").

4. Kimberly owned a cause of action (the "PI Claim") relating to product liability. On information and belief, the injury relating to the PI Claim was incurred on, or alternatively diagnosed on, November 2, 2015 (prior to the Petition Date). The PI Claim is property of the bankruptcy estate (the "Estate").

5. The PI Claim (or any lawsuit the result of the PI Claim) was not scheduled by the Debtors on their Original Schedules[1] [**Docket No. 1**]; therefore, the PI Claim was not abandoned by the Trustee under Section 554(c) of the Code. As a result, the PI Claim remains property of the

---

[1] The Debtor filed amended schedules (the "Amended Schedules") on October 6, 2025 [**Docket No. 28**]. The Amended Schedules disclose the PI Claim on Schedule B.33 with a value of $283,000.00 and claim the PI Claim as exempt on Schedule C (the "Amended Exemptions") of the Amended Schedules in the cumulative amount of $67,100.00. The Trustee has until November 5, 2025 to object to the Amended Exemptions.

Estate under Section 554(d) of the Code.

6. Since the Closing Date, the Trustee was made aware of the PI Claim and informed by the applicable settlement fund administrators that the PI Claim has a potential settlement (the "Settlement") pending with gross settlement proceeds of approximately $283,000.00.

7. After becoming aware of the PI Claim, the Trustee filed his Discharged Trustee's Motion to Reopen Case on May 7, 2025 **[Docket No. 15]** and the Court issued the Order Granting Motion to Reopen Case on June 3, 2025 (the "Reopen Date") **[Docket No. 19]**. The Trustee was reassigned as the chapter 7 trustee in the case on June 3, 2025.

8. On June 19, 2025, the Trustee filed his notice of assets in the case **[Docket No. 21]**. Parties in interest were notified of a bar date to file claims as on or before September 17, 2025 **[Docket No. 21]**. Claims in the approximate amount of $16,000.00 have been filed in the case as of the date of the filing of this Motion.

9. On September 16, 2025, the Trustee file an application to employ the law firm of Slater Slater Schulman, LLP as special counsel ("Special Counsel") to the Trustee to represent the Trustee relating to a recovery on the PI Claim **[Docket No. 27]**. On October 15, 2025, the Court signed an order employing Special Counsel for the Trustee **[Docket No. 30]**.

10. The Settlement, which is subject to bankruptcy court approval, provides for a gross recovery (the "Gross Recovery") in the amount of $283,000.00.

11. A summary of the intended payment of the contingent fee of Special Counsel (the "Contingent Fee") and for litigation costs (the "Litigation Costs") to be deducted from the Gross Recovery is as follows (the Contingent Fee and Litigation Costs also are summarized on **Exhibit A** attached hereto):

- 40% Contingent Fee to Special Counsel     $113,200.00
- MDL Common benefit Assessment Fee     $31,130.00
- Special Master Assessment Fee     $1,000.00
- Archer System Services     $2,050.00
- Medical Lien (Cigna)     $8,532.56
- Case Related Expenses     <u>$483.11</u>     <u>$43,195.67</u>

              TOTAL     $156,395.67

12. Concurrently with the filing of this Motion, the Trustee is filing an application to compensate Special Counsel relating to payment of the Contingent Fee and to approve the payment of the Litigation Costs.

13. The remaining amount of the Gross Recovery, after the payment of the Contingent Fee and the Litigation Costs, is in the amount of $126,604.33 (the "Net Recovery").

14. The Trustee will hold the Net Recovery pending further order of the court.

## Legal Authority

15. The Bankruptcy Court retains its discretion to determine whether to approve compromises of existing controversies. The Bankruptcy Court may approve settlements if they are fair and equitable. *In re Matter of AWECO, Inc.,* 725 F.2d 293 (5th Cir. 1984). The factors ("Settlement Factors") to be reviewed by the Bankruptcy Court in determining whether or not to approve a compromise are (a) the probability of success in litigating the controversies involved, with due consideration for uncertainties in fact and law; (b) the complexity and likely duration of the litigation and related expenses, inconvenience and delay; (c) the difficulties, if any, to be encountered in collecting on any judgment which might be obtained; and (d) the paramount interest of creditors and the estate. *In re Jackson Brewing Company*, 674 F.2d 605 (5th Cir. 1980).

16. The Trustee has reviewed the Settlement in light of the foregoing and believes and is of the opinion that in making the Settlement he has considered all of the Settlement Factors and believes and is of the opinion that the settlement is fair and equitable; and believes and is of the opinion that it is in the best interests of the bankruptcy estate, the estate's creditors, and all parties-in-interest for this Court to approve the Settlement.

17. Additionally, the Trustee believes and is of the opinion that the Settlement meets the criteria for approval under the Fifth Circuit's decisions in *Jackson Brewing* and *Aweco*, and Fed. R. Bankr. P. 9019(a).

## Relief Requested

18. The Trustee respectfully requests that the Court approve the settlement proposed herein as fair and equitable and in the best interests of this estate.

WHEREFORE, the Trustee prays that this Court enters an order approving the settlement set forth in this Motion and granting the Trustee such other and further relief to which he may be justly entitled.

Respectfully submitted,

*/s/ John Dee Spicer*
John Dee Spicer
State Bar No. 18930500
Cavazos Hendricks Poirot, P.C.
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Phone: (214) 573-7330
Email: jspicer@chfirm.com

Attorneys for John Dee Spicer, Chapter 7 Trustee