John Dee Spicer
State Bar No. 18930500
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Phone: (214) 573-7330
Email: jspicer@chfirm.com

Attorneys for John Dee Spicer, Chapter 7 Trustee

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § § § | |
| EDMOND JOSEPH CHURCHMAN AND KIMBERLY LANE CHURCHMAN, | § § § § § | Case No. 16-42785-mxm7 |
| Debtors. | § § | |

## FEE APPLICATION COVER SHEET

First and Final Fee Application of Cavazos Hendricks Poirot, P.C.

**Capacity:** Attorneys for Trustee      **Time Period:** May 5, 2025 through Feb. 18, 2026

**Bankruptcy Petition Filed on**: July 22, 2016      **Case Reopened on**: June 3, 2025

**Date of Entry of Retention Order**: Sept. 4, 2025      **Status of Case**:

**Amount Requested:**      **Reductions:**

**Fees**:         $21,320.00      **Vol. Fee Reductions**:      $0.00

**Expenses**:      $257.63      **Expense Reductions**:      $0.00

**Other**:         $0.00      **Total Reductions:**      **$0.00**

**Total:**         **$21,577.63**

**Expenses:**

Copies ($0.20/ page):  $94.40      PACER charges:  $20.30

Postage/Overnight Delivery:  $142.93

**Hourly Rates:**  Attorney/Accountant      Paralegal/Clerical

Highest Rates:  $620.00      $250.00

Hours Billed:  29.80      15.80

Average:  $612.48      $194.18

*/s/ John Dee Spicer*      March 13, 2026
Name      Date

John Dee Spicer
State Bar No. 18930500
Suite 570, Founders Square
900 Jackson Street
Dallas, TX  75202
Phone: (214) 573-7330
Email: jspicer@chfirm.com

Attorneys for John Dee Spicer, Chapter 7 Trustee

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re:<br><br>EDMOND JOSEPH CHURCHMAN AND<br>KIMBERLY LANE CHURCHMAN,<br><br>Debtors. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 16-42785-mxm7 |

# FIRST AND FINAL APPLICATION FOR
# COMPENSATION OF ATTORNEY FOR TRUSTEE

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT ELDON B. MAHON FEDERAL BUILDING, 501 W. TENTH STREET, FORT WORTH, TX 76102 BEFORE CLOSE OF BUSINESS ON APRIL 3, 2026, WHICH IS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE MUST BE IN WRITING AND FILED WITH THE CLERK, AND A COPY MUST BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN.  IF A RESPONSE IS FILED A HEARING WILL BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Cavazos Hendricks Poirot, P.C. (the "Applicant"), attorneys for John Dee Spicer, Chapter 7 Trustee (the "Trustee") in the above captioned case and, pursuant to Section 330 of the of the U.S. Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure, and the Guidelines for Compensation and Expense Reimbursement of Professionals for the Northern District of Texas effective January 1, 2001, files this *First and Final Application for Compensation of Attorney* (the "Application") and would show the Court as follows:

## PROCEDURAL STATUS

1. On July 22, 2106, the Debtors, filed their Chapter 7 bankruptcy case.

2. John Dee Spicer was duly appointed as the Chapter 7 Trustee.

3. The Bankruptcy Case was closed and the Trustee was discharged on February 3, 2017.

4. On May 7, 2025, the Trustee filed his *Motion to Reopen Case* [Docket No. 15], to administer the Lawsuit and/ or the Lawsuit Proceeds. The *Order Granting Motion to Reopen Case* [Docket No. 19] was signed on June 3, 2025.

5. On August 6, 2025, the Trustee filed his *Application for Employment of Attorney* [Docket No. 23] requesting authority to employ Applicant. Attached to the Employment Application was the Applicant's Rule 2014 Statement of Connections.

6. On September 4, 2025, the *Order Approving Employment of Attorney* [Docket No. 25] was signed by the Court approving Applicant's employment.

7. No previous fee applications have been filed by Applicant.

## FIRST AND FINAL APPLICATION

8. This Application covers the period of time from May 5, 2025 through February 18, 2026 (the "Application Period").

9. Applicant has represented the Trustee in connection with this case. All legal services covered by this Application were performed on behalf of the Trustee and not on behalf of any other person or entity. None of the services rendered by Applicant were performed in any capacity other than as the attorneys for the Trustee.

10. All legal services rendered, and reasonable and necessary expenses incurred by Applicant were devoted to assisting the Trustee in protecting, preserving and carrying out her duties to the bankruptcy estate in this case. All such services are detailed on Applicant's invoice, which is marked as **Exhibit A**.

11. Attached hereto as **Exhibit B** is Applicant's Billing Summary for the Application Period. The hours and total compensation requested in the Application have been aggregated and itemized for each professional and paraprofessional who provided compensable services.

12. The attorneys and professionals of Applicant who may have worked on this case during the Application Period are referenced on **Exhibits A & B** attached hereto by their initials, and are identified with their hourly rates set forth as follows:[1]

    A.    The attorneys:

        (1)    JDS is John Dee Spicer ($520.00/$620.00); and
        (2)    AEB is Anne E. Burns ($450.00).

    B.    The paraprofessionals:

        (1)    AR is Amy Ragan ($165.00/$250.00);
        (2)    NM is Norma Menchaca ($200.00); and
        (3)    TR is Taylor Rountree ($100.00).

    C.    A biographical summary of Applicant's attorneys and paraprofessionals is attached hereto as **Exhibit C**.

---

[1] Effective June 1, 2025, the Applicant changed the rates of certain attorneys and paralegals within the firm.

13. The total amount, as set forth on **Exhibits A & B**, due Applicant for compensation for professional services rendered and reimbursement for reasonable and necessary expenses incurred on behalf of the Trustee for the Application Period and for which Applicant in this Application seeks the Court's approval, is **$21,577.63** (the "Total Amount Due") and represents the following amounts: **$21,320.00** in attorneys' fees and paralegal fees and **$257.63** in incurred expenses.

## PROJECT SUMMARY

14. A summary of each category, by project, of professional service rendered by Applicant on behalf of the Trustee for the Application Period is as follows:

| **GENERAL PROFESSIONAL SERVICE CATEGORY** **attorneys and paralegals** | **HOURS EXPENDED** | **FEE CHARGED** |
|---|---|---|
| Asset Analysis and Recovery | 3.40 | $2,108.00 |
| Asset Disposition | 5.60 | $3,213.00 |
| Case Administration | 13.10 | $3,248.00 |
| Claims Administration & Objections | 6.00 | $3,636.00 |
| Fee-Employment Applications | 17.50 | $9,115.00 |
| Subtotals | **45.60** | **$21,320.00** |
| Expenses | | **$257.63** |
| Total of fees and expenses: | | **$21,577.63** |
| Blended Hourly Rate for Attorneys: | | **$612.48** |
| Blended Hourly Rate for Para-Professionals: | | **$194.18** |
| Blended Hourly Rate for All Professionals: | | **$467.54** |

## NARRATIVE SUMMARY

15. **Asset Analysis and Recovery**. Applicant assisted the Trustee with an objection to, and prosecution of, the Debtor's claimed exemption of assets not originally disclosed in the schedules.

16. **Asset Disposition**. Applicant assisted the Trustee with filing a motion to reopen the case relating to previously non-disclosed assets of the estate, a motion relating to the proper distribution of any surplus, after the payment of allowed claims, of property of the estate, and a

motion to approve a settlement agreement of a personal injury claim constituting property of the estate.

17. **Case Administration**. Applicant assisted the Trustee with research relating to Asset Disposition.

18. **Claims Administration & Objection**. Not applicable.

19. **Fee-Employment Applications**. Applicant assisted the Trustee with the employment and compensation of professionals assisting with the monetizing the assets of the estate.

## ARGUMENT AND AUTHORITY

**First Colonial Factors**

20. The case of *American Benefit Life Insurance Co., v. Baddock (In re First Colonial Corp. of America),* 544 F.2d 1291 (5th Cir. 1977) contained guidelines for allowing compensation in bankruptcy cases under the Bankruptcy Act. Those guidelines are applicable to the allowance of compensation under the Bankruptcy Code except for a consideration of economy to the estate. To the extent the facts as specified in the *First Colonial* case are relevant to Applicant's representation of the Trustee during the Application Period they are discussed below:

    A.    **Time and Labor Required**: The services rendered and the time required and charged for the services rendered by Applicant are set forth with detailed descriptions on **Exhibit A**. These detailed time records of professional services rendered by Applicant show that the professionals of Applicant have devoted a total 45.60 hours of time over the Application Period in the representation of the Trustee. The services rendered were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed. Whether viewed individually as to each of the tasks described on **Exhibit A**, or collectively as a whole, the time expended by Applicant during the Application Period was reasonable and efficient and rendered to accomplish the needs of the Trustee for the benefit of the estate at the time that the services were rendered.

B. **The Novelty and Difficulty of the Questions**: There were no novel or difficult questions in this case.

C. **The Skill Required to Perform Legal Services Properly**: To perform the services rendered for the estate, Applicant's professionals drew upon skills in the areas of bankruptcy, and procedural practice, as well as considerable litigation experience.

D. **The Preclusion of Other Employment by Applicant Due to the Acceptance of the Case**: Applicant has not consciously declined other employment opportunities or work on other matters because of Applicant's involvement with this case, although the expenditure of the time on this case by the members of Applicant who have worked on this case has precluded the expenditure of that same time on other matters.

E. **The Customary Fee Charged by Applicant**: The hourly rates charged for the professional services rendered in this case for the estate by Applicant's professionals who have worked on this case, as set forth on **Exhibits A & B** of this Application, have been computed at the same hourly rates and charges as Applicant regularly and customarily charges all Trustee clients, including Trustee clients of long standing. On information and belief, the hourly rates and fees charged by Applicant in this case are consistent and compare favorably with the hourly rates customarily charged by other firms and attorneys rendering similar services and possessing comparable skill, experience and reputation in the community in which this case has been filed. In those instances, if any, where it was necessary for a junior professional to consult with a more senior attorney billing at a higher rate, care was taken to avoid duplication of effort and duplication of charges (in some such cases the senior consulting attorney may have elected not to bill his time for such consultation).

F. **Whether the Fee is Fixed or Contingent**: In accepting this employment, Applicant has recognized that its fees, though charged at hourly rates, are analogous, in many respects, to contingent hourly fees in that they are: (i) dependent upon the availability of funds in the estate, (ii) dependent upon the total of the funds in the estate in relation and proportion to the total of the fees and expenses requested; and, (iii) dependent upon and subject to approval by this Court.

G. **The Experience, Reputation, and Ability of Applicant**: Applicant's attorneys supervising this case are experienced in all aspects of bankruptcy matters and possess a high degree of expertise. Applicant's attorneys devote all or substantially all of their full-time practice of law to bankruptcy related matters. Applicant is of the opinion and believes that its attorneys have excellent reputations in the legal community and that its attorneys and

        paraprofessionals are very capable. Applicant's attorneys and paraprofessionals stay abreast of relevant and current developments in the field of bankruptcy law.

H. **The "Undesirability" of the Case**: This case was not undesirable.

I. **The Nature and Length of Applicant's Professional Relationship with Debtors:** Applicant had no prior relationship with the Debtors before Applicant was employed by the Trustee.

J. **Awards in Similar Cases**: The compensation requested by Applicant is consistent with the compensation awarded in other cases of similar size and complexity involving similar issues, time, and services. Applicant has sought to ensure that each task has been performed by the professional most suited for the project based upon prior experience and complexity of issues involved. To the extent reasonably possible, Applicant has sought to minimize costs and avoid duplication of effort.

K. **Results and Benefit to the Estate**: A settlement agreement was approved by the court resulting in the prospective payment to the estate of a gross settlement of $283,000.00 (the "Gross Settlement") relating to a personal injury claim.

## CURRENT CASE STATUS AND SUMMARY

21. All tangible personal property of the estate has been liquidated or abandoned. Unless additional tangible personal property of the estate is discovered, no other tangible personal property known to the Applicant and the Trustee remains to be liquidated.

22. The estate is now in a position to be closed once the Gross Settlement is received.

23. The current amount of money on hand in the estate is approximately $.00; however, the Trustee anticipates the Gross Settlement of $283,000.00 to be paid to the estate in the near future [*see* Docket Nos. 46 and 57].

24. The estimated amount of unpaid expenses of administration through February 18, 2026 includes approximately $156,000.00 to be paid to special counsel for fees and expenses [*see* Docket Nos. 47 and 56], and approximately $12,500.00 for the Trustee's estimated fees plus

incurred expenses for which reimbursement will be sought; and

25. It was not feasible to pay an interim dividend to unsecured creditors.

## **SECTION 330 AND 331 FACTORS**

26. In regard to the fees and expenses set forth herein and requested, pursuant to 11 U.S.C. § 330 and 331, Applicant would further show and Applicant is of the opinion and confirms to the Court that the services rendered and the expenses incurred, as set forth on **Exhibits A & B**, for the Total Amount Due represent reasonable compensation for actual and necessary services rendered and reimbursement for actual and necessary expenses incurred by Applicant on behalf of the Trustee after duly considering the nature, the extent, and the value of such services and taking into account all relevant factors, including:

    A.    the time spent on such services;

    B.    the rates charged for such services;

    C.    the fact that such services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under Title 11;

    D.    the fact that the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    E.    the fact that the requested rates and fees are consistent with most, and maybe lower than some, of the prevailing rates charged for similar services by professionals of similar skill, experience and reputation in the community in which this case has been filed, which makes the compensation requested reasonable based upon the customary compensation charged by comparably skilled practitioners in similar cases under Title 11;

    F.    the fact that Applicant has avoided unnecessary duplication of services; and,

    G.    the fact that the compensation requested does not involve services:

        (1)    not reasonably likely to benefit the estate when rendered, or
        (2)    unnecessary to the administration of the estate.

27. Applicant requests that the Court approve this Application and allow and authorize the Trustee to pay the fees and expenses requested in this Application to Applicant.

## WITNESS AND EXHIBIT LIST

28. If this Application is contested in any manner, unless otherwise amended or supplemented, Applicant's initial list of witnesses and exhibits that Applicant may use at a hearing on this Application is as follows:

**Witnesses**

    A.    One or more of the following individuals may be called as a witness for Applicant:

        (1)    John Dee Spicer, Trustee;
        (2)    Any witness listed on any other party's list of witnesses; and,
        (3)    Applicant reserves the right to amend or supplement this list.

**Exhibits**

    B.    One or more of the following exhibits may be used by Applicant:

        (1)    This Application and all exhibits attached to it;
        (2)    All pleadings referenced herein; and,
        (3)    Applicant reserves the right to amend or supplement this list.

**Additional Matters**

    C.    If necessary, Applicant may rely on Rule 807 of the Federal Rules of Evidence to admit into evidence any one or more of Applicant's exhibits.

    D.    Applicant further reserves the right to call any witness as a rebuttal witness, whether named herein or not, and to introduce any other documents into evidence as rebuttal/impeachment exhibits, whether listed herein or not.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Applicant prays for the Court to grant Applicant all relief requested in this Application; prays for the Court to approve and allow fees and

expenses totaling **$21,577.63**, which represents the following amounts: **$21,320.00** in attorneys' fees and paralegal fees and **$257.63** in incurred expenses; prays that the Court approve, allow and authorize the Trustee to make such payment to Applicant; prays for such other and further relief to which Applicant may be justly entitled; and, prays for general relief.

    Respectfully submitted,

    */s/ John Dee Spicer*
    John Dee Spicer
    State Bar No. 18930500
    CAVAZOS HENDRICKS POIROT, P.C.
    Suite 570, Founders Square
    900 Jackson Street
    Dallas, TX  75202
    Phone: (214) 573-7330
    Email: jspicer@chfirm.com

    Attorneys for John Dee Spicer, Chapter 7 Trustee

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Application was served on March 13, 2026, by electronic transmission through the Court's automated Case Management and Electronic Docketing System for the U. S. Bankruptcy Court for the Northern District of Texas, on all parties-in-interest submitting to service of papers in this case by said means and via first class mail, postage prepaid on the following parties:

| | |
|---|---|
| U. S. Trustee<br>1100 Commerce St., Room 976<br>Dallas, TX 75242 | Edmond Joseph Churchman<br>PO Box 162<br>Granbury, TX 76048-0162 |
| Kimberly Lane Churchman<br>PO Box 162<br>Granbury, TX 76048-0162 | |

    Respectfully submitted,

    */s/ John Dee Spicer*
    John Dee Spicer