**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Case No. 4:16-bk-42785-MXM** |
| | § | |
| **E Churchman** | § | |
| **K Churchman** | § | |
| | § | |
| | § | |
| **Debtor(s)** | § | |

**NOTICE OF TRUSTEE'S FINAL REPORT AND**
**APPLICATION FOR COMPENSATION**
**AND DEADLINE TO OBJECT (NFR)**

Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that John D. Spicer, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

Eldon B. Mahon U.S. Courthouse, 501 W. 10th St., Rm. 147, Fort Worth, TX 76102-3643

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 21 days from the mailing of this notice, together with a request for a hearing and serve a copy of both upon the trustee, any party whose application is being challenged and the United States Trustee.  If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date:        04/14/2026                          By:   /s/ John D. Spicer
_____                                _____
                                                       Trustee

John D. Spicer
900 Jackson Street, Suite 570
Dallas, TX 75202

UST Form 101-7-NFR (10/1/2010)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 4:16-bk-42785-MXM** |
| | § | |
| **E Churchman** | § | |
| **K Churchman** | § | |
| | § | |
| | § | |
| Debtor(s) | § | |

## SUMMARY OF TRUSTEE'S FINAL REPORT
## AND APPLICATIONS FOR COMPENSATION

*The Final Report shows receipts of*                                    $283,000.00
*and approved disbursements of*                                          $245,073.30
*leaving a balance on hand of[1]:*                                        $37,926.70

Claims of secured creditors will be paid as follows: NONE

Total to be paid to secured creditors:                    $0.00
Remaining balance:                                   $37,926.70

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| John D. Spicer, Trustee Fees | $13,662.53 | $0.00 | $13,662.53 |
| John D. Spicer, Trustee Expenses | $27.36 | $0.00 | $27.36 |
| Cavazos Hendricks Poirot, P. C., Attorney for Trustee Fees | $21,320.00 | $21,320.00 | $0.00 |
| Cavazos Hendricks Poirot, P. C., Attorney for Trustee Expenses | $257.63 | $257.63 | $0.00 |
| Other: 40% Contingent Attorney Fee, Attorney for Trustee Fees | $113,200.00 | $113,200.00 | $0.00 |
| Other: Greg Jones Law LLC, Attorney for Trustee Fees | $0.00 | $0.00 | $0.00 |
| Other: Fees and Assessments, Attorney for Trustee Expenses | $43,195.67 | $43,195.67 | $0.00 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010)

| Other: Greg Jones Law LLC, Attorney for Trustee Expenses | $0.00 | $0.00 | $0.00 |
|---|---|---|---|

Total to be paid for chapter 7 administrative expenses:     $13,689.89
Remaining balance:     $24,236.81

Applications for prior chapter fees and administrative expenses have been filed as follows: NONE

Total to be paid to prior chapter administrative expenses:     $0.00
Remaining balance:     $24,236.81

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are: NONE

Total to be paid to priority claims:     $0.00
Remaining balance:     $24,236.81

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $14,270.43 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 1 | Ashley Funding Services, LLC Resurgent Capital Services | $2,049.00 | $0.00 | $2,049.00 |
| 2 | Ashley Funding Services, LLC Resurgent Capital Services | $2,095.00 | $0.00 | $2,095.00 |
| 3 | Ashley Funding Services, LLC Resurgent Capital Services | $2,049.00 | $0.00 | $2,049.00 |
| 4 | Ashley Funding Services, LLC | $1,353.00 | $0.00 | $1,353.00 |

UST Form 101-7-NFR (10/1/2010)

| | | | | |
|---|---|---|---|---|
| | Resurgent Capital Services | | | |
| 5 | Ashley Funding Services, LLC Resurgent Capital Services | $2,049.00 | $0.00 | $2,049.00 |
| 6 | Ashley Funding Services, LLC Resurgent Capital Services | $2,149.00 | $0.00 | $2,149.00 |
| 7 | Ashley Funding Services, LLC Resurgent Capital Services | $1,420.00 | $0.00 | $1,420.00 |
| 8 | Resurgent Receivables, LLC Resurgent Capital Services | $522.43 | $0.00 | $522.43 |
| 9 | GLEN ROSE HEALTHCARE, INC | $584.00 | $0.00 | $584.00 |

Total to be paid to timely general unsecured claims:    $14,270.43
Remaining balance:    $9,966.38

Tardily filed claims of general (unsecured) creditors totaling $1,474.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amt. of Claim | Interim Payments to Date | Proposed Amount |
|---|---|---|---|---|
| 10 | Dr. Timothy Huggins | $1,474.00 | $0.00 | $1,474.00 |

Total to be paid to tardily filed general unsecured claims:    $1,474.00
Remaining balance:    $8,492.38

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full.  The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows: NONE

Total to be paid for subordinated claims:    $0.00
Remaining balance:    $8,492.38

To the extent funds remain after payment in full of all allowed claims, interest will be paid at the legal rate of 0.55 percent pursuant to 11 U.S.C. § 726(a)(5). Funds available for

**UST Form 101-7-NFR (10/1/2010)**

interest are $842.93. The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor(s) after payment of all claims and interest is $7,649.45.

Prepared By:   /s/ John D. Spicer
Trustee

John D. Spicer
900 Jackson Street, Suite 570
Dallas, TX 75202

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**